# EXHIBIT A

2022 WL 4543709
United States Court of Appeals, Ninth Circuit.

Paul GUZMAN; Jeremy Albright, individually on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
POLARIS INDUSTRIES INC., a Delaware corporation; Polaris Sales, Inc., a Minnesota corporation; Polaris Industries Inc., a Minnesota corporation; Does, 1 through 10, inclusive, Defendants-Appellees.

No. 21-55520
|
Argued and Submitted May 9, 2022 Pasadena, California
|
Filed September 29, 2022

**Synopsis**
**Background:** Consumer brought action against manufacturer of off-road vehicles with rollover protective structures, alleging that vehicles' labels were false and misleading in violation of California Consumers Legal Remedies Act (CLRA), California's False Advertising Law (FAL), and California Unfair Competition Law (UCL). After dismissal of consumer's claims under the CLRA and FAL, the United States District Court for the Central District of California, Fernando L. Aenlle-Rocha, J., 2021 WL 2021454, granted manufacturer's motion for summary judgment on UCL claim. Consumer appealed.

**[Holding:]** The Court of Appeals, Robreno, District Judge, held that consumer had adequate remedy at law through CLRA claim for damages, precluding equitable relief under UCL.

Reversed and remanded with instructions.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

West Headnotes (11)

[1] **Federal Courts** ⚖ Summary judgment

Court of Appeals reviews the appeal of a summary judgment ruling de novo, applying the same standard used by the trial court. Fed. R. Civ. P. 56(c).

[2] **Antitrust and Trade Regulation** ⚖ Particular cases

Consumer had adequate remedy at law through his California Consumers Legal Remedies Act (CLRA) claim for damages against manufacturer of off-road vehicles, precluding equitable relief in federal court under California Unfair Competition Law (UCL), in consumer's putative class action alleging that vehicles' labels were false and misleading, even though consumer could no longer pursue CLRA claim due to time bar. Cal. Bus. & Prof. Code § 17200 et seq.; Cal. Civ. Code § 1750 et seq.

[3] **Federal Courts** ⚖ Equitable jurisdiction in general

In determining whether federal equitable jurisdiction exists over state-law claim, federal court must consider federal equitable principles even when doing so causes disposition of the case to diverge from state law.

[4] **Federal Civil Procedure** ⚖ Effect

Dismissal without prejudice, rather than with prejudice, was proper after district court determined that, pursuant to federal common law, it lacked equitable jurisdiction to hear consumer's claim under the California Unfair Competition Law (UCL) against manufacturer of off-road vehicles due to availability of adequate remedy at law under California Consumers Legal Remedies Act (CLRA), in case in which consumer's CLRA claim was time-barred but UCL claim was not; it was possible that a California court would hold that UCL's longer statute of limitations applied even though an equivalent claim for damages would have been available under shorter limitations period of

CLRA. Cal. Bus. & Prof. Code § 17200 et seq.; Cal. Civ. Code § 1750 et seq.

**[5]** **Antitrust and Trade Regulation** ⚭ Monetary Relief; Damages

California's Unfair Competition Law (UCL) provides only for equitable remedies. Cal. Bus. & Prof. Code § 17200 et seq.

**[6]** **Equity** ⚭ Existence of remedy at law and effect in general

In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy.

1 Cases that cite this headnote

**[7]** **Federal Courts** ⚭ Equity jurisdiction in general

**Federal Courts** ⚭ Subject-matter jurisdiction in general

Equitable jurisdiction is distinct from subject matter jurisdiction, although both are required for a federal court to hear the merits of an equitable claim.

2 Cases that cite this headnote

**[8]** **Federal Courts** ⚭ Equity jurisdiction in general

Even when a court has subject matter jurisdiction, there remains the question of equitable jurisdiction before the district court properly can reach the merits of an equitable claim.

2 Cases that cite this headnote

**[9]** **Federal Courts** ⚭ Equity jurisdiction in general

**Federal Courts** ⚭ Subject-matter jurisdiction in general

Subject matter jurisdiction regards whether the claim falls within the limited jurisdiction conferred on the federal courts by Congress, while equitable jurisdiction regards whether consistently with the principles governing equitable relief the court may exercise its remedial powers.

1 Cases that cite this headnote

**[10]** **Federal Courts** ⚭ Dismissal or other disposition

As is the case when federal courts decline to exercise jurisdiction under abstention principles or the doctrine of forum non conveniens, a federal court that dismisses a claim for lack of equitable jurisdiction necessarily declines to assume the jurisdiction and decide the cause.

**[11]** **Courts** ⚭ Decisions of United States Courts as Authority in Other United States Courts

**Courts** ⚭ Decisions of United States Courts as Authority in State Courts

Federal court's pre-merits determination to withhold relief is binding on other federal courts, but not on courts outside federal system that might properly exercise their own jurisdiction over claim.

Appeal from the United States District Court for the Central District of California, Fernando L. Aenlle-Rocha, District Judge, Presiding, D.C. No. 8:19-cv-01543-FLA-KES

**Attorneys and Law Firms**

Adrian R. Bacon (argued), Todd M. Friedman, and Thomas E. Wheeler, Law Offices of Todd M. Friedman, Woodland Hills, California; John P. Kristensen, Carpenter & Zuckerman, Beverly Hills, California; for Plaintiffs-Appellants.

Richard C. Godfrey (argued), Andrew Bloomer, and Paul Collier, Kirkland & Ellis LLP, Chicago, Illinois; David A. Klein, Kirkland & Ellis LLP, Los Angeles, California; for Defendants-Appellees.

Before: Paul J. Watford and Michelle T. Friedland, Circuit Judges, and Eduardo C. Robreno,[*] District Judge.

[*] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

## OPINION

ROBRENO, District Judge:

Jeremy Albright appeals the district court's grant of summary judgment in favor of Polaris Industries. Polaris sells off-road vehicles that have roll cages, or rollover protective structures ("ROPS"). Jeremy Albright and Paul Guzman (whose claims are the subject of a separate memorandum disposition filed concurrently with this opinion) filed a class action alleging that the labels on their Polaris vehicles, which state that the ROPS complied with Occupational Safety and Health Administration ("OSHA") standards, are false and misleading and that Albright, Guzman and the putative class members relied on the false labels when purchasing the vehicles. Albright brought his action pursuant to: (1) the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (2) the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; and (3) the California False Advertising Law ("FAL"), Cal. Bus & Prof. Code § 17500, et seq.

*2 For the reasons that follow, we reverse the summary judgment against Albright and remand the action with instructions for the district court to dismiss Albright's UCL claim without prejudice for lack of equitable jurisdiction.

## FACTS and PROCEDURAL HISTORY

In February 2016, Albright purchased a Polaris vehicle that had a label on the roll cage that read "Polaris" and "[t]his ROPS structure meets OSHA requirements of 29 CFR § 1928.53." Albright alleges that he saw and read the ROPS label prior to purchase and understood the label to mean that the ROPS met OSHA safety standards. Albright alleges that he would not have purchased the vehicle if the label had not been present.

Albright filed his complaint on August 8, 2019, alleging violations of the CLRA, UCL, and FAL. He contends that the ROPS label is false and misleading because Polaris tests the vehicles in a manner inconsistent with the Section 1928.53 standard.[1]

[1] Polaris disagrees that its testing methods are inconsistent with Section 1928.53, but the district court did not reach the merits of this claim.

The CLRA prohibits a number of "unfair methods of competition and unfair or deceptive acts or practices," including "[r]epresenting that goods or services are of a particular standard ...." Cal. Civ. Code § 1770(a)(7). The UCL prohibits "unfair competition," which it defines as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the FAL]." Cal. Bus. & Prof. Code § 17200. The FAL prohibits statements about property or services which are "untrue or misleading." *Id.* § 17500.

On February 13, 2020, the district court dismissed Albright's CLRA and FAL claims as time-barred, which Albright does not challenge on appeal, leaving Albright with only his UCL claim. Then, on May 12, 2021, the district court granted summary judgment in favor of Polaris and entered judgment on Albright's remaining UCL claim.

In its summary judgment order, the district court relied on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), and concluded "that federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under [the UCL] and [the CLRA]." *Guzman v. Polaris Indus. Inc.*, No. 8:19-cv-01543-FLA (KESx), 2021 WL 2021454, at *11 (C.D. Cal. May 12, 2021) (quoting *Sonner*, 971 F.3d at 837). The district court continued that, under *Sonner*, plaintiffs can seek equitable remedies only if they lack an adequate legal remedy. *Id.* Therefore, Albright could maintain his equitable UCL claim only if his CLRA claim was not an adequate remedy. *Id.* The district court concluded, however, that Albright still had an adequate legal remedy under the CLRA, even though his CLRA claim for damages had been dismissed as time-barred. *Id.* at *12. The court explained that "a plaintiff's failure to timely comply

with the requirements to obtain a remedy at law does not make the remedy inadequate, so as to require the district court to exercise its equitable jurisdiction." *Id.* (citing *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990)). As a result, the court granted summary judgment in favor of Polaris on Albright's UCL claim. *Id.* at *13.

**\*3** Albright asserts that, by granting summary judgment in favor of Polaris, the district court disposed of his UCL claim with prejudice. Albright timely appealed the district court's summary judgment order arguing that: (1) the district court erred in finding that his equitable UCL claim was barred because he had an adequate remedy at law through his previously dismissed CLRA claim; and (2) if he did have an adequate legal remedy, the district court erred by disposing of his UCL claim with prejudice, which could preclude him from refiling the claim in state court.

### JURISDICTION and STANDARD OF REVIEW

The district court had jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291 to consider the final summary judgment order.

**[1]** We review the appeal of a summary judgment ruling de novo, applying "the same standard used by the trial court under Federal Rule of Civil Procedure 56(c)." *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001).

### DISCUSSION

**A. Albright Had an Adequate Remedy at Law**

We agree with the district court that Albright could not bring his equitable UCL claim in federal court because he had an adequate legal remedy in his time-barred CLRA claim.

In *Sonner v. Premier Nutrition Corp.*, the plaintiff initially brought claims for equitable relief under the UCL and CLRA and for damages under the CLRA, but later strategically dismissed her CLRA damages claim to avoid a jury trial. 971 F.3d 834, 837–38 (9th Cir. 2020). We concluded that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's [UCL] and [CLRA]," including "the principle precluding courts from awarding equitable relief when an adequate legal remedy exists." *Id.* at 837, 842. We held that under this federal inadequate-remedy-at-law principle, if the plaintiffs had an adequate legal remedy under the CLRA, they could not also maintain equitable claims under the UCL and CLRA in federal court. *Id.* at 844. We reasoned that, even if the relevant state court would allow the equitable claims to proceed, the federal court must apply federal principles governing equity jurisdiction. *Id.* at 841–44. As a result, having concluded that the plaintiff had an adequate legal remedy in the CLRA, we affirmed the dismissal of the plaintiff's equitable UCL and CLRA claims. *Id.* at 845.

Under those federal equitable principles, we have held that equitable relief must be withheld when an equivalent legal claim would have been available but for a time bar. In *United States v. Elias*, we affirmed the district court's decision not to exercise equitable jurisdiction where the plaintiff failed to timely follow the procedures to obtain a legal remedy in connection with his claim for a return of seized property. 921 F.2d 870, 874–75 (9th Cir. 1990). We explained that a "[f]ailure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction." *Id.*; *see also United States v. Bame*, 721 F.3d 1025, 1031 (8th Cir. 2013) ("[T]he fraudulent transfer statutes are an adequate remedy at law even if recovery under these statutes is time-barred."); *Norris v. Grosvenor Mktg. Ltd.*, 803 F.2d 1281, 1287 (2d Cir. 1986) ("An equitable claim cannot proceed where the plaintiff has had and let pass an adequate alternative remedy at law." (citing *Russell v. Todd*, 309 U.S. 280, 289, 60 S.Ct. 527, 84 L.Ed. 754 (1940))), *superseded on other grounds by* Fed. R. Civ. P. 11.

**[2]** Reading *Sonner* and *Elias* together, we conclude that Albright had an adequate remedy at law through his CLRA claim for damages, even though he could no longer pursue it, and that the district court was therefore required to dismiss his equitable UCL claim. Under *Sonner*, Albright could not pursue his equitable UCL claim in federal court while his CLRA claim was timely. 971 F.3d at 844. Albright's failure to have timely pursued his CLRA claim cannot confer equitable jurisdiction on a federal court to

entertain his UCL claim. *See* Elias, 921 F.2d at 874. In other words, Albright cannot have neglected his opportunity to pursue his CLRA damages claim, which was an adequate remedy at law, and then be rewarded for that neglect with the opportunity to pursue his equitable UCL claim in federal court.

**\*4** [3] It may be that this case would have come out differently had it been brought in California state court. The California Supreme Court has held that the UCL's four-year statute of limitations applies even when an equivalent claim for damages would have been available under a state law with a shorter statute of limitations had the plaintiff brought the claim earlier. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 96 Cal.Rptr.2d 518, 999 P.2d 706, 716 (Cal. 2000). But *Sonner* requires that we consider federal equitable principles even when doing so causes our disposition of the case to diverge from state law. *Sonner*, 971 F.3d at 841–42.

We reject Albright's attempt to distinguish *Sonner* on the ground that the plaintiff in that case was attempting to avoid a jury trial by voluntarily dismissing her CLRA damages claim, while Albright's claim was dismissed involuntarily and involved no attempts at gamesmanship. *Sonner*'s holding applies to equitable UCL claims when there is a viable CLRA damages claim, regardless of whether the plaintiff has tried to avoid the bar to equitable jurisdiction through gamesmanship. Nothing in *Sonner*'s reasoning suggested that its holding was limited to cases in which a party had voluntarily dismissed a damages claim to avoid a jury trial.[2]

Indeed, *Sonner* relies on *Guaranty Trust Co. of New York v. York*, in which the Supreme Court noted the generally applicable rule that equitable relief is not available in federal court in a diversity action unless "a plain, adequate and complete remedy at law [is] wanting." 326 U.S. 99, 105, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). As noted by Polaris, the facts in *York* did not reveal any ulterior motives by the party against which the equitable principle was applied.

2       Likewise, we reject Albright's argument that the federal inadequate-remedy-at-law principle should be limited to cases where an equitable claim and a legal claim have the same statute of limitations.

Here, the UCL's statute of limitations is a year longer than that of the CLRA. Thus, Albright argues, they are not interchangeable, and the CLRA claim is not an adequate legal remedy. Albright provides no relevant authority to support that position. Moreover, we have already determined in *Sonner* that the availability of a CLRA claim for damages precludes a UCL claim for equitable relief in federal court. 971 F.3d at 841–45.

We conclude that, because Albright had an adequate legal remedy in his time-barred CLRA claim, the district court lacked equitable jurisdiction to hear Albright's UCL claim. Therefore, we affirm the district court's order to that effect. However, and as discussed below, we must still reverse the entry of summary judgment against Albright because no decision was reached on the merits of the claim. Because the district court lacked equitable jurisdiction, which it recognized,[3] it should have denied Polaris' motion for summary judgment and dismissed Albright's UCL claim without prejudice for lack of equitable jurisdiction.

3       *Guzman*, 2021 WL 2021454, at \*12 ("[A] plaintiff's failure to timely comply with the requirements to obtain a remedy at law does not make the remedy inadequate, *so as to require the district court to exercise its equitable jurisdiction.*") (emphasis added).

**B. The District Court Should Have Dismissed Albright's Claim Without Prejudice Because It Lacked Equitable Jurisdiction**

[4] Albright argues that, if he did have an adequate remedy at law that barred his UCL claim, the district court erred in disposing of his UCL claim with prejudice by entering summary judgment in favor of Polaris. Albright acknowledges that the district court concluded that, pursuant to federal common law, it lacked equitable jurisdiction to hear his UCL claim because he had an adequate remedy at law. Albright argues, however, that a jurisdictional dismissal is necessarily without prejudice because the court does not reach the merits of the claims. On this issue, we agree with Albright.

**\*5** [5] [6] "[T]he UCL provides only for equitable remedies." *Hodge v. Superior Ct.*, 145 Cal.App.4th 278, 51 Cal. Rptr. 3d 519, 523 (2006). In order to entertain a request for equitable relief, a district court must have equitable

jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy. *Sonner, 971 F.3d at 843–44*; *see also Payne v. Hook*, 74 U.S. 7 Wall. 425, 430, 19 L.Ed. 260 (1868) ("The absence of a complete and adequate remedy at law, is the only test of equity jurisdiction ....").

**[7]** **[8]** **[9]** Equitable jurisdiction is distinct from subject matter jurisdiction, although both are required for a federal court to hear the merits of an equitable claim. Even when a court has subject matter jurisdiction, "[t]here remains the question of equitable jurisdiction" before "the District Court properly [can] reach the merits." *Schlesinger v. Councilman*, 420 U.S. 738, 754, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *see also United States v. Kama*, 394 F.3d 1236, 1237 (9th Cir. 2005) ("Kama argues only the merits of his motion and fails to address the threshold issue of whether the district court abused its discretion in declining to exercise its equitable jurisdiction."); *Mort v. United States*, 86 F.3d 890, 893 (9th Cir. 1996) ("Because the district court declined to exercise [equitable] jurisdiction, it did not reach the merits of the Morts' equitable subrogation claim."). Subject matter jurisdiction regards "whether the claim falls within the limited jurisdiction conferred on the federal courts" by Congress, while equitable jurisdiction regards "whether consistently with the principles governing equitable relief the court may exercise its remedial powers." *Schlesinger*, 420 U.S. at 754, 95 S.Ct. 1300; *see also Yuba Consol. Gold Fields v. Kilkeary*, 206 F.2d 884, 887 (9th Cir. 1953) ("Reference to 'equity jurisdiction' does not relate to the power of the court to hear and determine a controversy but relates to whether it ought to assume the jurisdiction and decide the cause.").

As argued by Polaris, the district court had subject matter jurisdiction. However, that is not dispositive of whether the court could exercise equitable jurisdiction over Albright's UCL claim. As discussed above, the district court lacked equitable jurisdiction because Albright had an adequate remedy at law in his time-barred CLRA claim. *See Sonner, 971 F.3d at 844* ("Sonner must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA.").

**[10]** **[11]** Because the district court lacked equitable jurisdiction over Albright's UCL claim, it could not, and did not, make a merits determination as to liability and should not have granted summary judgment in favor of Polaris on this claim. As is the case when federal courts decline to exercise jurisdiction under abstention principles or the doctrine of *forum non conveniens*, a federal court that dismisses a claim for lack of equitable jurisdiction necessarily declines "to assume the jurisdiction and decide the cause." *Yuba Consol.*, 206 F.2d at 887; *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (*forum non conveniens*); *United States v. Morros*, 268 F.3d 695, 704–05 (9th Cir. 2001) (*Burford* abstention). Thus, a federal court's pre-merits determination to withhold relief is binding on other federal courts, but not on courts outside the federal system that might properly exercise their own jurisdiction over the claim.

**\*6** In accordance with this general rule, the district court should have dismissed Albright's UCL claim without prejudice to refiling the same claim in state court. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction 'should be ... without prejudice so that a plaintiff may reassert his claims in a competent court.'" (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988))); Fed. R. Civ. P. 41(b) (stating that a dismissal "for lack of jurisdiction" generally does not "operate[ ] as an adjudication on the merits"); *see also Holmberg v. Armbrecht*, 327 U.S. 392, 393, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (noting that the court below dismissed the equity suit without prejudice because the suit failed on procedural grounds). The import of this rule is particularly apparent in this case because, for the reasons noted above, a California court might allow Albright to pursue his UCL claim. The possibility that federal and state courts would reach different results on the same claim is itself a consequence of *Sonner*'s rule that federal courts sitting in diversity may exercise equitable jurisdiction only to the extent federal equitable principles allow them to do so. But where federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so.

## CONCLUSION

The district court correctly concluded that Albright had an adequate legal remedy in his CLRA claim which, pursuant to the federal inadequate-remedy-at-law principle, meant that the court lacked equitable jurisdiction to entertain Albright's

UCL claim. However, the district court erred in granting summary judgment in favor of Polaris on that claim, which could prevent Albright from attempting to raise his UCL claim in state court. Instead, the district court should have denied summary judgment on the UCL claim and dismissed it without prejudice for lack of equitable jurisdiction.

**The grant of summary judgment in favor of Polaris is REVERSED and the case is REMANDED with instructions to dismiss Albright's UCL claim without prejudice.**

**All Citations**

--- F.4th ----, 2022 WL 4543709, 2022 Daily Journal D.A.R. 10,321

---

End of Document                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.